United States District Court
District of Massachusetts

```
_____
JOSEPH IANTOSCA, Individually      )
and as Trustee of the Faxon        )
Heights Apartments Realty Trust    )
and Fern Realty Trust, BELRIDGE    )
CORPORATION, GAIL A. CAHALY,       )
JEFFREY M. JOHNSTON, BELLEMORE     )
ASSOCIATES, LLC, and               )
MASSACHUSETTS LUMBER COMPANY,      )
INC.,                              )
         Plaintiffs,               )
                                   )
         v.                        )
                                   )
BENISTAR ADMINISTRATIVE            )
SERVICES, INC., DANIEL             )
CARPENTER, MOLLY CARPENTER,        )
BENISTAR PROPERTY EXCHANGE TRUST   )
COMPANY, INC., BENISTAR LTD.,      )  Civil Action No.
BENISTAR EMPLOYER SERVICES TRUST   )  08-11785-NMG
CORPORATION, CARPENTER FINANCIAL   )
GROUP, LLC, STEP PLAN SERVICE      )
INC., BENISTAR INSURANCE GROUP,    )
INC., and BENISTAR 419 PLAN        )
SERVICES INC.,                     )
         Defendants,               )
                                   )
TRAVELERS INSURANCE COMPANY and    )
CERTAIN UNDERWRITERS AT LLOYD'S,   )
LONDON,                            )
         Reach and Apply           )
         Defendants.               )
_____)
                                   )
CERTAIN UNDERWRITERS AT LLOYD'S,   )
LONDON and All Participating       )
Insurers and Syndicates,           )
         Third-Party Plaintiff,    )
                                   )
         v.                        )
                                   )
WAYNE H. BURSEY,                   )
         Third-Party Defendant.    )
_____)
```

## ORDER

**GORTON, J.**

This case arises from the plaintiffs' effort to recover a multimillion dollar Massachusetts state court judgment against some of the defendants. The parties are once again embroiled in a dispute over depositions that plaintiffs desire to conduct. In its most recent Memorandum & Order, in February, 2011 (Docket No. 207), the Court held that certain defendants must appear for their depositions before March 31, 2011 and that, if they were not fully compliant, sanctions would be imposed. Plaintiffs have now moved, once again, to compel those same persons to appear for their depositions and defendants have filed a corresponding motion for a protective order with respect to one of the sought-after deponents.

With respect to the related pending motions to dismiss filed by defendants, the Court has appraised them sufficiently to determine that they do not preclude favorable consideration of plaintiff's motion to compel. The motions will, however, remain under advisement for the time being.

Plaintiff's motion to compel (Docket No. 232) is **ALLOWED** and defendants are hereby directed to complete the noticed depositions in Massachusetts or Connecticut on or before July 31, 2011. Defendants' corresponding motion for a protective order (Docket No. 224) is **DENIED**. If defendants fail to comply with

this order, the defaulting deponents, whomever they are, shall appear in this Court on August 4, 2011, at 3:00 p.m. to show cause why they should not be held in contempt.

The Court also imposes upon the defendants sanctions in the amount of $7,000 to be paid to the plaintiffs to reimburse them for attorney's fees and costs associated with their motion to compel.

**So ordered.**

/s/ Nathaniel M. Gorton<br>Nathaniel M. Gorton<br>United States District Judge

Dated July 7, 2011