## United States District Court
### District of Massachusetts

| | |
|---|---|
| JOSEPH IANTOSCA, Individually and as Trustee of the Faxon Heights Apartments Realty Trust and Fern Realty Trust, BELRIDGE CORPORATION, GAIL A. CAHALY, JEFFREY M. JOHNSTON, BELLEMORE ASSOCIATES, LLC, and MASSACHUSETTS LUMBER COMPANY, INC., )<br>      Plaintiffs, )<br>      v. )<br>BENISTAR ADMINISTRATIVE SERVICES, INC., DANIEL CARPENTER, MOLLY CARPENTER, BENISTAR PROPERTY EXCHANGE TRUST COMPANY, INC., BENISTAR LTD., BENISTAR EMPLOYER SERVICES TRUST CORPORATION, CARPENTER FINANCIAL GROUP, LLC, STEP PLAN SERVICE INC., BENISTAR INSURANCE GROUP, INC., and BENISTAR 419 PLAN SERVICES INC., )<br>      Defendants, )<br>TRAVELERS INSURANCE COMPANY and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, )<br>      Reach and Apply Defendants. )<br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON and All Participating Insurers and Syndicates, )<br>      Third-Party Plaintiff, )<br>      v. )<br>WAYNE H. BURSEY, )<br>      Third-Party Defendant. ) | Civil Action No. 08-11785-NMG |

MEMORANDUM & ORDER

**GORTON, J.**

This case arises from the plaintiffs' effort to recover a multimillion dollar Massachusetts state court judgment against some of the defendants. The pending motions involve the ongoing discovery dispute related to depositions of the defendants. In February, 2011, upon consideration of a motion by plaintiffs, the Court held that certain defendants were required to appear for their depositions before March 31, 2011 and that, if they were not fully compliant, sanctions would be imposed. In June, 2011, however, plaintiffs moved, once again, to compel those same persons to appear for their depositions and defendants filed a corresponding motion for a protective order with respect to one of the prospective deponents, Molly Carpenter.

On July 7, 2011, the Court allowed plaintiff's motion to compel and directed defendants to complete the noticed depositions in Massachusetts or Connecticut on or before July 31, 2011. Defendants' counter-motion for a protective order was denied. The Court stated that, if defendants failed to comply with its latest order, the defaulting deponents would appear in this Court on Thursday, August 4, 2011, at 3:00 p.m. to show cause why they should not be held in contempt of this Court. The Court also imposed upon the defendants sanctions in the amount of $7,000 to be paid to the plaintiffs to reimburse them for

attorney's fees and costs incurred with respect to their motion to compel.

In a sealed motion, defendant Daniel Carpenter now seeks reconsideration of the Court's July 7, 2011 Order and a protective order staying the remainder of his deposition and any further discovery directed at him. The Court is persuaded by Carpenter's new, intervening argument and, as such, his Motion for Reconsideration and Protective Order (Docket No. 241) is **ALLOWED**. The protective order encompasses all future discovery sought to be elicited from Mr. Carpenter and will be vacated upon the occurrence of either a jury verdict of acquittal, dismissal of the charges or sentencing in United States v. Carpenter, Criminal Action No. 04-cr-10029-GAO.

Carpenter's motion to stay discovery (Docket No. 243) is **DENIED** and all other discovery will proceed according to the scheduling order. The Court's reconsideration of its July 7, 2011 Order applies to Carpenter only. Unless they have already completed their depositions, all other persons subject to this Court's July 7, 2011 Order will appear in this Court on Thursday, August 4, 2011, at 3:00 p.m. to show cause why they should not be held in contempt of this Court.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 1, 2011

-3-