United States District Court
District of Massachusetts

| | |
|---|---|
| JOSEPH IANTOSCA, Individually and as Trustee of the Faxon Heights Apartments Realty Trust and Fern Realty Trust, BELRIDGE CORPORATION, GAIL A. CAHALY, JEFFREY M. JOHNSTON, BELLEMORE ASSOCIATES, LLC, and MASSACHUSETTS LUMBER COMPANY, INC., <br>     Plaintiffs, <br><br> v. <br><br> BENISTAR ADMIN SERVICES, INC., DANIEL CARPENTER, MOLLY CARPENTER, BENISTAR PROPERTY EXCHANGE TRUST COMPANY, INC., BENISTAR LTD., BENISTAR EMPLOYER SERVICES TRUST CORPORATION, CARPENTER FINANCIAL GROUP, LLC, STEP PLAN SERVICE INC., BENISTAR INSURANCE GROUP, INC., and BENISTAR 419 PLAN SERVICES INC., <br>     Defendants, <br><br> TRAVELERS INSURANCE COMPANY and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, <br>     Reach and Apply <br>     Defendants. | Civil Action No. 08-11785-NMG |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON and All Participating Insurers and Syndicates, <br>     Third-Party Plaintiff, <br><br> v. <br><br> WAYNE H. BURSEY, <br>     Third-Party Defendant. | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises from the plaintiffs' effort to recover against some of the defendants a multimillion dollar Massachusetts state court judgment in what has previously been described as "the Cahaly Litigation." Its long and complicated history has been summarized by this Court on several prior occasions and will not be repeated here. Currently before the Court are 1) the defendants' motion to dismiss for lack of subject matter jurisdiction, and 2) the motion of defendant Benistar 419 to dismiss the government's complaint in intervention.

## I. Motions to Dismiss

### A. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all

factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

### B. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

On January 11, 2011, in the Cahaly Litigation, Suffolk Superior Court Judge Stephen E. Neel held that the brokerage firm Merrill Lynch is jointly and severally liable to the plaintiffs for over $9.7 million in compensatory and consequential damages, approximately $8 million in attorneys fees and costs, and approximately $9.7 million in punitive damages under the Connecticut Unfair Trade Practices Act ("CUTPA"). Shortly thereafter, Judge Neel entered in final judgment with respect to

-3-

the compensatory damages and attorneys fees awards. The $15.3 million already paid to plaintiffs by the Benistar defendants was credited to the compensatory damages portion of that judgment including the statutory interest accumulated.

Citing the Superior Court's decision and final judgment, the defendants move to dismiss plaintiffs' action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because the claim is moot. Defendants contend that, due to the judgment against Merrill Lynch, plaintiffs have not only been made whole but have, in fact, been overcompensated by $24 million. They conclude that plaintiffs no longer have any interest in the "comparatively paltry $4.5 million in Pennsylvania proceeds" and that the case must be dismissed as moot.

Plaintiffs respond that defendants' motion is "completely frivolous" because the Merrill Lynch judgment has not been satisfied. They point to Mass. Gen. Laws ch. 231B § 3, which provides that:

> The recovery of a judgment for an injury against one tortfeasor shall not of itself discharge the other tortfeasors from liability for the injury unless the judgment is satisfied. The satisfaction of the judgment shall not impair any right of contribution.

Because the Merrill Lynch judgment has not been satisfied, plaintiffs argue, it does not reduce defendants' liability to them.

Furthermore, plaintiffs point out that if and when the

judgment against Merrill Lynch is satisfied, a significant portion of what each defendant (Merrill Lynch and the Benistar defendants) owes is an independent obligation apart from what is owed jointly and severally. Specifically, the Benistar defendants are independently liable for $17,288,300 in punitive damages under Mass. Gen. Laws ch. 93A, and Merrill Lynch is independently liable for attorneys' fees and violations of CUTPA. Thus, part of the judgment against Merrill Lynch relates to its own independent liability and none of that judgment may be apportioned to satisfy defendants' Chapter 93A liability.

The Court finds plaintiffs' arguments persuasive. The Massachusetts Superior Court specifically ordered the $15.3 million paid by defendants to be apportioned to the compensatory damages portion of the judgment. By contrast, it determined that "each party against which a specific punitive damage award has been levied is required to bear that punishment." Defendants' motion here, even assuming the calculations therein are correct, alleges neither that the Merrill Lynch judgment has been satisfied nor that funds from that judgment, if and when satisfied, are attributable to defendants' independent liability under Chapter 93A. Defendants have therefore failed to establish that this case should be dismissed as moot and their motion to that effect will be denied.

### C. Motion of Defendant Benistar 419 Plan Services, Inc. to Dismiss the Government's Complaint in Intervention

On January 10, 2011, the government moved to intervene in this case, alleging that federal tax liens against BASI and Benistar 419 had attached to any proceeds to which those parties are entitled as a result of the Pennsylvania Settlement. Those tax liens arose when, on July 8, 2009, the Secretary of the Treasury made identical assessments for tax penalties, pursuant to 26 U.S.C. § 6708, against both BASI and Benistar 419 for $1,120,000, neither of which has been paid. BASI challenged the legitimacy of the government's alleged tax liens in the United States District Court for the District of Connecticut ("the IRS Litigation"). On the basis of that action, defendants contended that the motion to intervene should be allowed only if this case were transferred to the District of Connecticut.

On February 11, 2011, this Court allowed the motion to intervene and denied defendants' related motion to transfer. On May 11, 2011, the United States District Court for the District of Connecticut entered final judgment against BASI and in favor of the government in the IRS Litigation.[1]

Defendant Benistar 419 now moves to dismiss the government's complaint in intervention on the grounds that the tax deficiency assessment underlying its lien is baseless as a matter of law.

---

[1] Benistar Admin. Servs., Inc. v. United States, No. 10-cv-01320 (D. Conn. May 11, 2011).

That assessment was made in 2009 and apparently arose from reporting violations committed by Benistar 419 in 2002. Defendant argues the assessment was erroneous because Benistar 419 was never a "material advisor" with respect to a "reportable transaction" and, more fundamentally, was under no obligation under that reporting requirement which did not come into effect until after 2002.

Although those arguments may be persuasive at the summary judgment phase, they are premature at the motion to dismiss stage which is concerned with whether the complaint states a cause of action rather than the merits of the claims therein.

To state a claim to enforce an assessment of tax liability under 26 U.S.C. § 7403, the government must show that the defendants have failed to pay federal taxes and that liens with respect to that tax liability have arisen against their rights to property, including the subject property. See United States v. Ledford, No. 07-cv-01568, 2010 WL 749843, at *7 (D. Colo. Mar. 3, 2010). Here, the government's complaint states that an assessment for tax penalties was made by the Secretary of the Treasury against Benistar 419 which Benistar 419 has failed to pay. It also states that Benistar 419 is a plaintiff in the Pennsylvania Litigation and therefore has ("and/or its alter egos and nominees [have]") an interest in the settlement of that action to which the lien may attach.

The government has thus successfully pled a cause of action under § 7403. Inquiry into the merits of the underlying tax assessment at this juncture is inappropriate because it is well established that all tax assessments are afforded a "presumption of correctness." Delaney v. Comm'r of Internal Revenue, 99 F.3d 20, 23 (1st Cir. 1993); United States v. Tempelman, 111 F. Supp. 2d 85, 94 (D.N.H. 2000); Fulle v. United States, No. 88-893-MLW, 1994 WL 568842, at *2 (D. Mass. Oct. 5, 1994). At the appropriate stage in litigation, Benistar 419 may rebut that presumption by demonstrating, by a preponderance of the evidence, that the underlying tax deficiency assessment was erroneous. See United States v. Tyler, No. 10-01239, 2010 WL 3769094, at *3 (E.D. Pa. Sept. 27, 2010). For now, however, the government has properly pled a cause of action to enforce a tax lien and Benistar 419's motion to dismiss will be denied.

### ORDER

In accordance with the foregoing,

1) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 210) is **DENIED**; and

2) Defendant Benistar 419 Plan Services, Inc.'s Motion to Dismiss the Complaint in Intervention (Docket No. 222) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated October 5, 2011