United States District Court
District of Massachusetts

_____
                                   )
JOSEPH IANTOSCA, Individually      )
and as Trustee of the Faxon        )
Heights Apartments Realty Trust    )
and Fern Realty Trust, BELRIDGE    )   Civil Action No.
CORPORATION, GAIL A. CAHALY,       )   08-11785-NMG
JEFFREY M. JOHNSTON, BELLEMORE     )
ASSOCIATES, LLC, and               )
MASSACHUSETTS LUMBER COMPANY,      )
INC.,                              )
        Plaintiffs,                )
                                   )
            v.                     )
                                   )
BENISTAR ADMIN SERVICES, INC.,     )
DANIEL CARPENTER, MOLLY            )
CARPENTER, BENISTAR PROPERTY       )
EXCHANGE TRUST COMPANY, INC.,      )
BENISTAR LTD., BENISTAR EMPLOYER   )
SERVICES TRUST CORPORATION,        )
CARPENTER FINANCIAL GROUP, LLC,    )
STEP PLAN SERVICE INC., BENISTAR   )
INSURANCE GROUP, INC., and         )
BENISTAR 419 PLAN SERVICES INC.,   )
        Defendants,                )
                                   )
TRAVELERS INSURANCE COMPANY and    )
CERTAIN UNDERWRITERS AT LLOYD'S,   )
LONDON,                            )
        Reach and Apply            )
        Defendants.                )
_____)
                                   )
CERTAIN UNDERWRITERS AT LLOYD'S,   )
LONDON and All Participating       )
Insurers and Syndicates,           )
        Third-Party Plaintiff,     )
                                   )
            v.                     )
                                   )
WAYNE H. BURSEY,                   )
        Third-Party Defendant.     )
_____)

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises from the plaintiffs' effort to recover against some of the defendants a multimillion dollar Massachusetts state court judgment in what has previously been described as "the Cahaly Litigation." The Court has already been called upon to resolve several discovery disputes between the parties in this matter. It is now being asked to resolve a dispute between the United States ("the government"), a plaintiff by intervention, and defendants Benistar Admin Services, Inc. ("BASI") and Benistar 419 Plan Services, Inc. ("Benistar 419"). Before the Court are motions of those defendants to compel disclosures from the government. The government opposes both motions.

## I. Background

On January 10, 2011, the government moved to intervene in this case, alleging that federal tax liens against BASI and Benistar 419 had attached to any proceeds to which those parties may become entitled as a result of a Pennsylvania lawsuit they brought ("the Pennsylvania Settlement"). Those tax liens arose when, on July 8, 2009, the Secretary of the Treasury made identical assessments for tax penalties, pursuant to 26 U.S.C. § 6708, against both BASI and Benistar 419 for $1,120,000, neither of which has been paid. It sought to enforce those liens by

attaching to any interest those entities or their alter egos have in the Pennsylvania Settlement.

The Court allowed the government's motion to intervene on February 11, 2011.  In March, 2011, the Court granted the government's motion to conduct its own limited discovery and ordered that such discovery be completed by August 15, 2011.  On August 12, 2011, the government moved to extend discovery by four months, stating that, despite its diligent discovery efforts, it had received from defendants no initial disclosures, no documents in response to production requests and few answers to its interrogatories.  In late September, 2011, the government filed three separate motions to compel discovery from defendants BASI, Benistar 419 and Step Services.

In October, 2011, the Court granted the government's motion to extend the discovery deadline to December 31, 2011 because of the defendants' refusal to cooperate with its various requests. It further admonished the parties to resolve the underlying discovery disputes on their own, which, alas, they were unable to do.  In November, 2011, the Court allowed the government's motions to compel disclosures with respect to the unresolved issues.

On December 16, 2011, defendants BASI and Benistar 419 moved to compel the government to answer particular requests for admission, requests for production and interrogatories.  The

government has opposed both motions.

Discovery in this case closed on December 31, 2011. Trial is currently scheduled for March 26, 2011.

## II. <u>Analysis</u>

### A. **Failure to Confer**

As an initial matter, the government contends that defendants' motions to compel should be denied because Benistar and BASI failed to confer or attempt to confer with the government prior to filing them, as required by Fed. R. Civ. P. 37 and Local Rule 37.1. Correspondence was exchanged between counsel, however, in which the matters in dispute were discussed. Given the several prior discovery disputes in this case, it appears unlikely that the issues would have been resolved through additional efforts to confer between counsel. The Court will not, therefore, deny the motions on this ground and will proceed to consider the merits (or demerits) of the motions.

### B. **Requests for Admissions**

#### 1. <u>Legal Standard</u>

Pursuant to Fed. R. Civ. P. 36(a),

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either....

Fed. R. Civ. P. 26(B)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense." Information is relevant where it "appears reasonably calculated to lead to the discovery of admissible evidence." Id.

    2.    Application

With respect to requests for admission numbers 6, 7 and 9, defendants' motions are DENIED because they seek admission of pure conclusions of law outside the scope contemplated by Fed. R. Civ. P. 36(a). Defendants' arguments to the contrary are frivolous.

With respect to request for admission number 15, defendants' motions are DENIED because that request is argumentative and calls for admissions of facts not established on the record. Kasar v. Miller Printing Machinery Co., 36 F.R.D. 200, 203 (W.D. Pa. 1964) ("Where a request for admission is argumentative and only possibly could be proper if certain facts are established, but such facts are not definitely on the record, objections to such request should be sustained.").

Regarding request for admission number 2, defendants' motions are ALLOWED. The government shall provide the defendants with a summary of its inquiry in order to determine its reasonableness. Under Fed. R. Civ. P. 36(a)(4), a party may assert lack of knowledge or information as a reason for failing to admit or deny only if he states that he has made reasonable inquiry and that the information known or readily obtainable is

insufficient to enable him to admit or deny.  What constitutes "reasonable inquiry" and is "readily obtainable" is a "relative matter that depends upon the facts of each case."  T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997).  Reasonableness cannot simply be ascertained absent a brief description of the inquiry made.

No other requests for admission are in dispute.

**C.   Requests for Production**

    1.   Legal Standard

Pursuant to Fed. R. Civ. P. 34, a party may serve on another party a request for production of documents within the scope of Rule 26(b), and a responding party must

> produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.

    2.   Application

With respect to (1) both defendants' requests for production numbers 3, 4, 6, 7, (2) BASI's request for production numbers 16 and 19 and (3) Benistar 419's request for production number 18, defendants' motions are DENIED.  For each request, the government identified a range of labeled documents.  Defendants contend that those ranges were not sufficiently responsive insofar as they provided "identical or nearly identical" ranges for "substantively different" requests and that the government should therefore be compelled to amend its responses to include "more

-6-

meaningful identification of the documents." Beyond mere conjecture, however, BASI and Benistar 419 have failed to show this Court how or why the government's responses are insufficient.

With respect to both defendants' request for production number 10, defendants' motions are ALLOWED, in part, and DENIED, in part. The government has not waived its privilege by producing a privilege log one week after its response but it shall produce any nonprivileged, responsive documents which are potentially relevant to defendants' defense with respect to the delayed due process hearing. Although the government contends (and is likely correct) that that defense is not legally sustainable, the Court has not yet so ruled.

Benistar 419's request for production number 19 is DENIED. Correspondence from Koresko to the Internal Revenue Service or Department of Justice has no bearing on the validity of the tax assessment made against Benistar 419.

Regarding Benistar 419's request for production number 20 and BASI's request for production number 21, defendants' motions are DENIED because those requests are overly broad and unduly burdensome. The Court cautions the government, however, that, to the extent it has not already done so, it shall produce all documents relevant to its tax assessment. If any responsive documents are withheld, they will not be admitted at trial.

No other requests for production are in dispute.

**D.    Interrogatories**

   1.   Legal Standard

Pursuant to Fed. R. Civ. P. 33, a party may serve on another party an interrogatory that relates to any matter that may be inquired into under Rule 26(b). Furthermore, an interrogatory may ask for an opinion or contention that relates to fact or the application of law to fact. A party objecting to an interrogatory must state with specificity its grounds for objection.

   2.   Application

With respect to BASI interrogatory number 2 and Benistar 419 interrogatory number 12, BASI's motion is DENIED because the interrogatories call for pure conclusions of law outside the scope contemplated by Rule 33(a)(2).

Regarding BASI interrogatory number 4 and Benistar 419 interrogatory number 15, BASI's motion is DENIED because, as the government contends, the question is ambiguous and argumentative.

As to BASI interrogatory numbers 5 and 6, BASI's motion is ALLOWED because the government did not respond to that portion of BASI's motion to compel in its opposition.

With respect to BASI's interrogatory number 7 and Benistar 419's interrogatory number 17, defendants' motions are DENIED as unnecessary and unduly burdensome because the government's

reasons for objecting to the various requests for admission are stated in its responses to those requests.

As to Benistar 419 interrogatory numbers 1, 2, 4 and 13, Benistar 419's motion is DENIED because the government's response is sufficient.

Benistar 419's motion to compel a further answer to interrogatory number 6 is DENIED.  The government has already summarized instances in which it engaged in telephone and in-person conversations with plaintiffs' counsel and produced non-privileged written correspondence between the government and plaintiff.  If and to the extent Benistar 419 contends the government must summarize each and every in-person and telephone conversation between the government and plaintiffs' counsel, its request is overly broad and unduly burdensome and seeks privileged and irrelevant information.

Regarding Benistar 419 interrogatory number 8, Benistar 419's motion is DENIED.  Any settlement arrangement between the government and the plaintiffs is irrelevant to the legitimacy of the tax assessment made against the defendants.  Benistar 419's conclusory assertion that the information is relevant to "bias or unclean hands" is without merit.

As to Benistar 419 interrogatories 9 and 16, Benistar 419's motion to compel is DENIED because the information sought is not relevant to the validity of the government's assessment against

Benistar 419.

No other interrogatories are in dispute.

**ORDER**

In accordance with the foregoing, the Motions to Compel of Benistar Admin Services, Inc. (Docket No. 323) and Benistar 419 Plan Services, Inc. (Docket No. 326) are **ALLOWED**, in part, and **DENIED**, in part, as set forth above. To the extent that defendants' motions are allowed, in part, the government will supplement its responses on or before February 10, 2012. Sanctions will not be imposed on either party at this time, but if the Court is called upon to resolve any further discovery disputes, sanctions will be assessed against the losing party.

**So ordered.**

                                           /s/ Nathaniel M. Gorton  
                                           Nathaniel M. Gorton  
                                           United States District Judge

Dated January 24, 2012