United States District Court
District of Massachusetts

```
_____
                                )
JOSEPH IANTOSCA, Individually   )
and as Trustee of the Faxon     )
Heights Apartments Realty Trust )
and Fern Realty Trust, BELRIDGE )    Civil Action No.
CORPORATION, GAIL A. CAHALY,    )    08-11785-NMG
JEFFREY M. JOHNSTON, BELLEMORE  )
ASSOCIATES, LLC, and            )
MASSACHUSETTS LUMBER COMPANY,   )
INC.,                           )
        Plaintiffs,             )
                                )
        v.                      )
                                )
BENISTAR ADMIN SERVICES, INC.,  )
DANIEL CARPENTER, MOLLY         )
CARPENTER, BENISTAR PROPERTY    )
EXCHANGE TRUST COMPANY, INC.,   )
BENISTAR LTD., BENISTAR EMPLOYER)
SERVICES TRUST CORPORATION,     )
CARPENTER FINANCIAL GROUP, LLC, )
STEP PLAN SERVICE INC., BENISTAR)
INSURANCE GROUP, INC., and      )
BENISTAR 419 PLAN SERVICES INC.,)
        Defendants,             )
                                )
TRAVELERS INSURANCE COMPANY and )
CERTAIN UNDERWRITERS AT LLOYD'S,)
LONDON,                         )
        Reach and Apply         )
        Defendants.             )
_____ )
                                )
CERTAIN UNDERWRITERS AT LLOYD'S,)
LONDON and All Participating    )
Insurers and Syndicates,        )
        Third-Party Plaintiff,  )
                                )
        v.                      )
                                )
WAYNE H. BURSEY,                )
        Third-Party Defendant.  )
_____ )
```

**ORDER**

**GORTON, J.**

Plaintiffs filed their complaint in this case in the Massachusetts Superior Court on October 23, 2008 pursuant to the Massachusetts reach and apply statute, M.G.L. c. 214, § 3(6). Defendants filed a notice of removal the same day invoking this Court's diversity jurisdiction. Now, more than three years later, the defendants move to dismiss for lack of subject matter jurisdiction, alleging that supposedly new jurisdictional facts have come to their attention which give rise to a "possible lack of diversity of citizenship."

In a separate argument, expounded upon in their reply to plaintiffs' objection to the motion to dismiss, the defendants raise new objections based upon an alleged lack of standing: defendants contend that Joseph Iantosca, Sr., the lead plaintiff in this action, lacked standing to sue in either an individual or representative capacity because, at the time the suit was filed, he was under the guardianship of his two sons due to his mental illness.[1]

The Court is satisfied, based upon plaintiffs' response,

---

[1] According to the order of the Massachusetts Probate Court, which was attached as an exhibit to the defendants' motion to dismiss, Mr. Iantosca suffers from Vascular Dementia, a neuropsychiatric disorder that causes "difficulty with memory, problem-solving, planning and judgment among other emotional, cognitive and behavioral difficulties."

-2-

that defendants' speculations regarding diversity are without merit. The Court notes that the defendants themselves, in their notice of removal more than three years ago (and before the parties and the Court had become fully immersed in this case) represented that plaintiffs were all citizens of Massachusetts and New Hampshire at the time this matter was filed and thus diverse from the defendants. Therefore, the defendants' Motion for Order to Show Cause or to Dismiss or Remand to State Court for Lack of Subject Matter Jurisdiction (Docket No. 298) is **DENIED**.

With respect to the separate guardianship matter, however, the Court directs plaintiffs to respond to the defendants' allegations regarding Mr. Iantosca's standing to sue either in his individual capacity or through his guardians. The response shall not exceed five pages and shall be filed on or before Wednesday, February 1, 2012.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated January 27, 2012